UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| ROXANN R. HAUS, | **JURY TRIAL DEMANDED** |
| Plaintiff, | **COMPLAINT** |
| -against- | 07 CV 4808 (JMM) |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | ECF Case |
| Defendant. | |

---------------------------------------------------------------x

Plaintiff, ROXANN R. HAUS, by her attorneys, TRAUB & TRAUB, P.C., complaining of defendant, alleges the following:

Nature of the Action

1. This is an action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201 *et seq.,* as amended by the Equal Pay Act of 1963, 29 U.S.C. Sections 206(d)(1) and 215(a)(3); and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1992, 42 U.S.C. Section 2000e *et seq.* to recover wages and other benefits due to plaintiff, as well as to redress employment discrimination against plaintiff in her employment by defendant on the basis of her sex, which manifested itself by issuing her lower Pay for Performance End of Year Ratings, paying plaintiff smaller pay increases and less pay than comparable male employees at her workplace, paying plaintiff less than male employees who performed substantially equal work, assigning and paying plaintiff less overtime than comparable male employees, and retaliating against plaintiff for making such complaints.

Jurisdiction and Venue

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1391, 29 U.S.C. Section 216(b), 42 U.S.C. Section 2000e-5(f)(3), and 42 U.S.C. Section 2000e-16.

3. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. Section 1391(e) and 42 U.S.C. Section 2000e-5(f)(3), on the bases that it is the judicial district in the State in which the unlawful employment practice is alleged to have been committed; it is the judicial district in which the employment records relevant to such practice are maintained and administered; and a substantial part of the events or omissions giving rise to plaintiff's claim occurred therein.

4. On or about May 2, 2005, plaintiff contacted the Equal Employment Opportunity Office of the U.S. Postal Service for purposes of making a complaint.

5. On or about June 25, 2005, plaintiff filed a formal discrimination complaint with the United States Postal Service.

6. On or about July 17, 2006, the U.S. Postal Service issued a final order, dismissing plaintiff's formal complaint of discrimination.

7. Plaintiff filed a timely appeal of said final order to the U.S. Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"). On or about March 12, 2007, plaintiff received the Decision of the OFO, affirming the final order dismissing her complaint. Said decision notified plaintiff that she had a right to file a civil action in a United States District Court within ninety days of receipt of said Decision and the instant complaint is filed within such ninety days.

8. Plaintiff is filing herewith a consent to become a party in this action, pursuant to 29 U.S.C Section 216(b).

## Parties

9. Plaintiff is a female citizen of the United States and she resides in the City and State of New York.

10. Upon information and belief, JOHN E. POTTER is the Postmaster General of the UNITED STATES POSTAL SERVICE (the "agency"), a federal agency subject to the laws on which the instant complaint relies. Said agency maintains multiple stations and offices within the Southern District of New York, including the Morgan Processing & Distribution Center, where plaintiff is and has been assigned.

## Facts

11. Plaintiff has been employed by the UNITED STATES POSTAL SERVICE since on or about September 15, 1979.

12. Plaintiff has been a Supervisor of Maintenance Operations at the Morgan Processing & Distribution Center in Manhattan, New York since in or about August, 2003. Plaintiff is one of approximately seven such supervisors on Tour 2.

13. Since on or about June 7, 2004, plaintiff was assigned and received less overtime than the male supervisors at Morgan Processing & Distribution Center, resulting in a loss of pay.

14. Since in or about October, 2004, plaintiff has been paid less than comparable male supervisors for equivalent work and/or for less work than that performed by plaintiff.

15. In or about 2002, the agency instituted a "Pay for Performance" system for supervisors that was meant to be administered systematically according to predetermined criteria, was meant to be administered objectively, and was meant to be applied consistently to men and to women.

16. The "Pay for Performance" system for supervisors was not administered systematically according to predetermined criteria, was not administered objectively, and was not applied consistently to men and women at the Morgan Processing & Distribution Center.

17. This resulted in plaintiff receiving lower ratings than comparable male supervisors; smaller pay increases than her male counterparts; less pay than comparable male employees at her workplace; and, less pay than her male counterparts, who performed substantially equal work or less work than she performed.

18. After plaintiff complained about the agency's behavior, the agency continued this behavior of giving plaintiff lower ratings than those given to comparable male supervisors; smaller pay increases than her male counterparts; less pay than comparable male employees at her workplace; and, less pay than her male counterparts, who performed substantially equal work or less work than she performed in continued violation of the law and in retaliation for her having made such complaints.

CLAIM FOR RELIEF

First Cause of Action
Violation of the Equal Pay Act

19. The allegations contained in paragraphs 1 – 18 are incorporated by reference as though fully set forth herein.

20. The above-described actions of defendant violate the Equal Pay Act, 29 U.S.C. Section 206(d)(1), by paying less wages to plaintiff than those paid to male employees in the same establishment for equal work on the job, the performance of which requires equal skill, effort and responsibility, and which is performed under similar working conditions.

21. The above-described actions of defendant violate the Equal Pay Act, 29 U.S.C. Section 215(a)(3) by retaliating against plaintiff for having complained of the offending conduct.

22. Since the date on which the violations began, the agency has repeatedly and willfully violated and continues to violate the Equal Pay Act, causing plaintiff to suffer injury and damage.

Second Cause of Action
Violation of Title VII of the Civil Rights Act

23. The allegations contained in paragraphs 1 – 22 are incorporated by reference as though fully set forth herein.

24. Defendant's conduct was willful, deceptive, malicious, and included prohibited personnel practices.

25. The above-described actions of defendant constitute discrimination in the terms and conditions of employment on the basis of sex in violation of 42 U.S.C. Section 2000e-16.

26. The above-described actions of defendant constitute retaliation for plaintiff having complained of the offending conduct, in further violation of the law.

27. Since the date on which the violations began, the agency has repeatedly and willfully violated and continues to violate Title VII of the Civil Rights Act, causing plaintiff to suffer injury and damage.

WHEREFORE, plaintiff prays judgment be granted:

    A. Ordering defendant to pay to plaintiff an award of back pay and other benefits and emoluments of employment, together with interest;

    B. Ordering defendant to pay to plaintiff an award of liquidated damages in an amount equal to back pay and other benefits and emoluments of employment, together with interest

    C. Ordering and enjoining defendant from discriminating against plaintiff in the terms, conditions and compensation of her employment;

    D. Ordering and directing retroactive changes to Plaintiff's End of Year Pay for Performance ratings from Fiscal Year 2004 forward;

    E. Ordering defendant to pay to plaintiff an award of compensatory and/or other damages in an amount to be determined at trial;

F. Ordering defendant to pay an award of reasonable attorneys' fees and the costs of prosecuting this action in court, within the agency and before the U.S. Equal Opportunity Commission; and;

G. Providing such other and further relief as to the Court appears just and equitable.

Dated: New York, New York
June 6, 2007

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                      TRAUB & TRAUB, P.C.
                                      Attorneys for Plaintiff

By: _____
Doris G. Traub (DT 3114)
39 Broadway, Suite 2420
New York, New York 10006
(212) 732-0208

## CONSENT TO SUE

I, ROXANN R. HAUS, declare under penalty of perjury, as follows:

1.    I am the plaintiff named in the within action.

2.    I hereby consent to become a party in this action, pursuant to 29 U.S.C Section 216(b).

Dated: New York, New York
       June 5, 2007

                                                          _____
                                                          ROXANN R. HAUS