MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOHN D. CLOPPER*
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Tel.: (212) 637-2716
Fax: (212) 637-0033
* Authorized to represent the United States in this District.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROXANN R. HAUS,                                      :
                Plaintiff,                  :
                                             :     ECF CASE
        v.                           :
                                             :     07 CV 4808 (CM) (JCF)
JOHN E. POTTER, POSTMASTER GENERAL,  :
UNITED STATES POSTAL SERVICE         :     ANSWER
                                             :
                Defendant.                  :
                                             :
----------------------------------------------------------------x

       Defendant John E. Potter, Postmaster General ("the Postal Service" or "Defendant"), by and through his attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the Complaint of Plaintiff Roxann Haus as follows:

       1.      Paragraph 1 of the Complaint sets forth Plaintiff's allegations of jurisdiction, characterization of this action and/or conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

       2.      Paragraph 2 of the Complaint sets forth Plaintiff's allegations of jurisdiction to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

       3.      Paragraph 3 of the Complaint sets forth Plaintiff's allegations of venue to which

- 2 -

no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint, and avers that Plaintiff filed a formal discrimination complaint with the Postal Service on June 27, 2005.

6. Defendant denies the allegations of Paragraph 6 of the Complaint, and avers that the Postal Service issued a final agency decision dismissing Plaintiff's formal complaint of discrimination on July 6, 2006.

7. Defendant denies knowledge or information sufficient to form a belief as to when Plaintiff received the decision of the U.S. Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"), but avers that the decision was rendered on March 7, 2007. Defendant admits that the decision notified Plaintiff of her right to bring a civil action in a United States District Court, but denies knowledge or information sufficient to form a belief as to whether the instant complaint was filed within 90 calendar days of receipt of the decision.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except admits that Plaintiff is a female.

10. Defendant denies the allegations contained in the first sentence of Paragraph 10 of the Complaint, except admits that John E. Potter is the Postmaster General of the United States Postal Service, and avers that the United States Postal Service in an independent establishment of the Executive Branch of the Federal Government pursuant to 39 U.S.C. § 201. Defendant admits the allegations contained in the second sentence of Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint in that they are Plaintiff's characterization of the "Pay for Performance" program, but admits that the Postal Service instituted a "Pay for Performance" program.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. The responses contained in Paragraphs 1-18 are incorporated by reference as though fully set forth herein.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. The responses contained in Paragraphs 1-22 are incorporated by reference as though fully set forth herein.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction.

### THIRD DEFENSE

Plaintiff's claims are barred by applicable statutes of limitation.

### FOURTH DEFENSE

Plaintiff failed to timely exhaust all available administrative remedies.

### FIFTH DEFENSE

Defendant's treatment of Plaintiff did not constitute prohibited discrimination on any basis.

### SIXTH DEFENSE

Actions taken by the Defendant, his agents and his employees, were motivated by legitimate, nondiscriminatory reasons, which were not pretextual.

### SEVENTH DEFENSE

All actions taken by Defendants were taken in good faith, and were not in willful violation of the law.

### EIGHTH DEFENSE

Plaintiff has failed to demonstrate her damages.

### NINTH DEFENSE

Plaintiff has failed to mitigate her damages.

TENTH DEFENSE

Plaintiff is not entitled to a jury trial for her claims under the Equal Pay Act.

ELEVENTH DEFENSE

Defendant's actions were the result of a lawful merit system.

TWELFTH DEFENSE

Defendant's actions were the result of a system which measures earnings by quantity or quality of production.

THIRTEENTH DEFENSE

Defendant's actions were a result of a lawful seniority system.

WHEREFORE, Defendant John E. Potter, Postmaster General, United States Postal Service, having fully answered the allegations in the Complaint and set forth his defenses, respectfully requests this Court to enter judgment in favor of Defendant, dismissing the Complaint, awarding Defendant his costs for the defense of the action, and awarding him such other relief as this Court considers just and proper.

Dated: New York, New York
       August 3, 2007

                MICHAEL J. GARCIA
                United States Attorney for the
                Southern District of New York

By:   /s/ John D. Clopper
      JOHN D. CLOPPER*
      Assistant United States Attorney
      86 Chambers Street
      New York, New York 10007
      Telephone: (212) 637-2716
      Facsimile: (212) 637-0033
      Email: john.clopper@usdoj.gov
      * Authorized to represent the United States in this District.

- 6 -

TO: Doris Traub
Traub & Traub, PC
39 Broadway, Suite 2420
New York, NY 10006
*Counsel for Plaintiff*