TRAUB & TRAUB, P.C.
COUNSELORS AT LAW
39 BROADWAY
SUITE 2420
NEW YORK, N.Y. 10006
(212) 732-0208

Y TRAUB
TRAUB

TELECOPIER (212) 571-0860

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/07

October 5, 2007

BY FAX (212) 805-7930
Honorable James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10017-1312

    Re:    *Roxann R. Haus v. John E. Potter, Postmaster General*
            07 Civ. 4808 (CM)(JCF)

Dear Judge Francis:

    I am the attorney for the plaintiff, Roxann R. Haus, in the above-captioned matter. I write at this time to request leave to amend plaintiff's Complaint and to adjust the Civil Case Management Plan for purposes of allowing for such amendment. Defendant's counsel consents to this request.

    Plaintiff's Complaint includes claims that she was subjected to employment discrimination based on her sex when she was issued lower Pay for Performance End of Year Ratings for Fiscal Year 2004 and received smaller pay increases and less pay than comparable male employees at her workplace. At the time of the filing of her Complaint, plaintiff still had pending before defendant's agency a second complaint of discrimination – this latter one based on issuance of lower Pay for Performance End of Year Ratings for Fiscal Year 2006. Having not yet exhausted her administrative remedies on her second claim, plaintiff could not include it within the Complaint filed in the above-captioned action and had to await a Final Agency Decision before proceeding to court on the latter claim, despite it involving the same legal theories as her first claim.

    I just received this week the Final Agency Decision on plaintiff's second claim, which advises her that she has now exhausted her administrative remedies and has ninety days to institute suit in federal court on that claim.

TRAUB AND TRAUB, P.C.

    Given that the legal claims encompassed by plaintiff's second claim are the same as those in her first claim, but simply cover a time period going forward from her initial claim, the parties are in agreement that prompt amendment of plaintiff's Complaint in the above-referenced action to include the later claim is in the interest of judicial economy, as well as economy of the parties' resources. Amendment of the Complaint will require little more than adding the factual prerequisites pertaining to exhaustion of administrative remedies on the second claim and the fact that plaintiff has now been given notice of the right to proceed into federal court. Discovery may then continue with one document production and one set of depositions, rather than two.

    However, the initial Case Management Plan will need modification to allow for amendment of the Complaint and for defendant to file an Answer to the Amended Complaint, before the parties continue with depositions and other discovery. The initial Case Management Plan allowed for amendment of pleadings by October 1, 2007. This date would have to be modified to allow for amendment at this time – an amendment that can be accomplished within days. Further, the dates regarding discovery would have to be modified so that defendant could Answer the Amended Complaint and then proceed with discovery. Accordingly, after consulting with defendant's counsel, and with defendant's consent, plaintiff proposes modifying the Case Management Plan so that the original dates set forth therein concerning discovery be extended by forty-five days. As such, discovery would be completed on or before January 28, 2008 rather than December 13, 2007; plaintiff's deposition would be completed by November 29, 2007 rather than October 15, 2007; plaintiff's expert report would be provided by December 17, 2007 rather than November 2, 2007; defendant's expert report would be provided by December 31, 2007 rather than November 16, 2007; and a joint pretrial order and all other pre-trial submissions would be submitted on or before March 13, 2008 rather than January 18, 2008. (A proposed Revised Scheduling Order is being faxed herewith).

    It is respectfully submitted that while allowing such amendment will cause a delay of forty-five days now, it will ultimately save a great deal of time and resources that would otherwise be occasioned by plaintiff filing a separate complaint. No previous request for an extension of time has been requested by either party.

    Thank you for your kind consideration.

Respectfully submitted,

Doris G. Traub, Esq. (DG3114)

cc: John D. Clopper, Assistant U.S. Attorney
    By Fax (212) 637-0033

*[Handwritten note:]* 10/5/07 Application denied. Please refer to paragraph 8 of the original case management order. SO ORDERED. James C. Francis IV USMJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| ROXANN R. HAUS, | PROPOSED REVISED SCHEDULING ORDER |
| Plaintiff, | |
| -against- | 07 CV 4808 (CM)(JCF) |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | ECF Case |
| Defendant. | |

------------------------------------------------------------x

1.    All discovery, including expert discovery, must be completed on or before January 28, 2008.

2.    Plaintiff's deposition shall be taken first, and shall be completed by November 29, 2007.

3.    Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff's expert report(s) by December 17, 2007; Defendant's expert report(s) by December 31, 2007.

4.    A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions) shall be submitted on or before March 13, 2008.

Dated: New York, New York
       October  , 2007

                                        SO ORDERED: