```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 10|10|07    │
└─────────────────────────┘
```

**TRAUB & TRAUB, P.C.**
COUNSELORS AT LAW
39 BROADWAY
SUITE 2420
NEW YORK, N.Y. 10006
(212) 732-0208



JEFFREY TRAUB
DORIS G. TRAUB

# MEMO ENDORSED

TELECOPIER (212) 571-0860

October 5, 2007

10/9/07
BOTH applications - for leave
to amend and for a modest
extension of the deadline
are granted.

BY FAX (212)805-6326
Honorable Colleen McMahon
United States District Court Judge
United States District Court
500 Pearl Street
New York, NY 10017-1312

Re:   Roxann R. Haus v. John E. Potter, Postmaster General
      07 Civ. 4808 (CM)(JCF)

Dear Judge McMahon:

    I am the attorney for the plaintiff, Roxann R. Haus, in the above-captioned matter. I write at this time to renew my request for leave to amend plaintiff's Complaint and to adjust the Civil Case Management Plan for purposes of allowing for such amendment. Defendant's counsel consents to this request. This request was made earlier today and submitted to Magistrate Judge Francis, who denied said application pursuant to paragraph 8 of the Civil Case Management Plan, which provides that the Magistrate Judge cannot change discovery deadlines unless the parties agree to transfer the case to the Magistrate Judge for all purposes – a provision that I am sorry to say I overlooked in my haste to promptly address the issue. (A copy of the letter submitted to Magistrate Judge Francis with his ruling thereon is being faxed herewith).

    Plaintiff's Complaint includes claims that she was subjected to employment discrimination based on her sex when she was issued lower Pay for Performance End of Year Ratings for Fiscal Year 2004 and received smaller pay increases and less pay than comparable male employees at her workplace. At the time of the filing of her Complaint, plaintiff still had pending before defendant's agency a second complaint of discrimination – this latter one based on issuance of lower Pay for Performance End of Year Ratings for Fiscal Year 2006. Having not yet exhausted her administrative remedies on her second claim, plaintiff could not include it within the Complaint filed in the above-captioned action and had to await a Final Agency Decision before proceeding to court on the latter claim, despite it involving the same legal theories as her first claim.

TRAUB AND TRAUB, P.C.

I just received this week the Final Agency Decision on plaintiff's second claim, which advises her that she has now exhausted her administrative remedies and has ninety days to institute suit in federal court on that claim.

Given that the legal claims encompassed by plaintiff's second claim are the same as those in her first claim, but simply cover a time period going forward from her initial claim, the parties are in agreement that prompt amendment of plaintiff's Complaint in the above-referenced action to include the later claim is in the interest of judicial economy, as well as economy of the parties' resources. Amendment of the Complaint will require little more than adding the factual prerequisites pertaining to exhaustion of administrative remedies on the second claim and the fact that plaintiff has now been given notice of the right to proceed into federal court. Discovery may then continue with one document production and one set of depositions, rather than two.

However, the initial Case Management Plan will need modification to allow for amendment of the Complaint and for defendant to file an Answer to the Amended Complaint, before the parties continue with depositions and other discovery. The initial Case Management Plan allowed for amendment of pleadings by October 1, 2007. This date would have to be modified to allow for amendment at this time – an amendment that can be accomplished within days. Further, the dates regarding discovery would have to be modified so that defendant could Answer the Amended Complaint and then proceed with discovery. Accordingly, after consulting with defendant's counsel, and with defendant's consent, plaintiff proposes modifying the Case Management Plan so that the original dates set forth therein concerning discovery be extended by forty-five days. As such, discovery would be completed on or before January 28, 2008 rather than December 13, 2007; plaintiff's deposition would be completed by November 29, 2007 rather than October 15, 2007; plaintiff's expert report would be provided by December 17, 2007 rather than November 2, 2007; defendant's expert report would be provided by December 31, 2007 rather than November 16, 2007; and a joint pretrial order and all other pre-trial submissions would be submitted on or before March 14, 2008 rather than January 18, 2008. (A proposed Revised Scheduling Order is being faxed herewith).

It is respectfully submitted that while allowing such amendment will cause a delay of forty-five days now, it will ultimately save a great deal of time and resources that would otherwise be occasioned by plaintiff filing a separate complaint.

Thank you for your kind consideration.

Respectfully submitted,

Doris G. Traub, Esq. (DG3114)

cc:   John D. Clopper, Assistant U.S. Attorney
      By Fax (212) 637-0033