USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROXANN R. HAUS,

           Plaintiff,

- against -

JOHN E. POTTER, Postmaster General, United States Postal Service,

           Defendant.

---

07 Civ. 4808 (CM)(JCF)

ECF Case

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Roxann R. Haus ("plaintiff") and defendant John E. Potter (the "defendant") that the above-entitled action be settled and compromised on the following terms and conditions:

1. The above-referenced action is hereby dismissed with prejudice and without costs or disbursements or fees as against any party.

2. In consideration of the promises made by plaintiff herein, the United States Postal Service (the "Postal Service") will pay to plaintiff the sum of $49,500.00 (the "Settlement Amount") in full and final settlement and satisfaction of the action. It is understood and agreed between the parties that the total lump sum payment of the Settlement Amount shall be issued in two checks. The first check for $30,000.00 represents attorneys' fees, costs and other litigation expenses and shall be issued to "Traub & Traub, P.C." Plaintiff understands and agrees that the Postal Service shall issue IRS Forms 1099-MISC to both plaintiff and plaintiff's counsel and shall report to the Internal Revenue Service (the "IRS") this payment of $30,000. It is further understood that the remainder of the Settlement

Amount, in the sum of $19,500.00, represents non-wage compensatory damages for emotional pain and suffering and will be issued in a check to plaintiff. Plaintiff understands and agrees that the Postal Service shall issue an IRS Form 1099-MISC to plaintiff and shall report to the IRS the payment of $19,500.00 to plaintiff.

3. Plaintiff agrees to accept the Settlement Amount in full settlement of any and all claims plaintiff or her heirs, successors, executors, administrators or assigns have or may hereafter acquire against the defendant; the Postal Service; or the United States of America or any of its departments and agencies; or any current or former agents, officials, or employees of the United States of America or the Postal Service, relating to the incidents or circumstances giving rise to this action up to and including the effective date of this Stipulation and Order.

4. This Stipulation and Order shall not constitute an admission of liability or fault on the part of defendant; the Postal Service; the United States of America or any of its departments and agencies; or any current or former agents, officials, or employees of the Postal Service or the United States of America.

5. Plaintiff represents that she has not assigned any of her claims, nor does any lien exist upon the settlement proceeds. However, if plaintiff has assigned any claim or if any lien exists upon the settlement proceeds, plaintiff will indemnify and hold harmless defendant; the Postal Service; the United States of America and any of its departments and agencies; and any current or former agents, officials, or employees of the Postal Service or the United States of America, from any and all claims, causes of action, rights or subrogated interests arising from the assignment of claims and liens upon the settlement proceeds, and this Stipulation and Order constitutes a written agreement to that effect.

6.  Payment of the Settlement Amount shall be made by the Postal Service as soon as practicable after the execution by the parties and entry by the Court of this stipulation and order.

7.  Settlement of this action is without costs or interest and is inclusive of any claim for attorneys' fees, costs or other litigation expenses in accordance with 42 U.S.C. § 2000e-5(k).

8.  The parties agree that no representation or warranty has been made as to the tax consequences of the payment of the Settlement Amount. Plaintiff shall accept payment of the Settlement Amount with the understanding that this entire lump sum will be reported to the IRS by the Postal Service as set forth above in paragraph "2," and that question of tax liability, if any, as a result of such payment is a matter to be resolved solely between the plaintiff and the IRS. The Postal Service takes no position as to the tax treatment of payment. Plaintiff represents and warrants that she shall assume all responsibility for, and shall protect, indemnify, defend, and hold harmless defendant; the Postal Service; the United States of America and any of its departments and agencies; and any current or former agents, officials, or employees of the Postal Service or the United States of America, from and against any and all claims, losses, damages, liability, suits, actions, judgments, costs, penalties, and expense resulting from any liability or claim of liability for any amounts assessed by or due to any federal, state, or local government or agency thereof, including, but not limited to, federal, state, and local taxes owed in connection with the payment to plaintiff.

3

9. The parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

Dated: New York, New York
April 2, 2008

By: _____
DORIS TRAUB, Esq.
TRAUB & TRAUB, P.C.
39 Broadway, Suite 2420
New York, New York 10006
Tel: (212) 732-0208
Email: DorisTraub@aol.com
*Counsel for Plaintiff*

Dated: New York, New York
April 2, 2008

MICHAEL J. GARCIA
United States Attorney

By: _____
LI YU
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2734
Email: Li.yu@usdoj.gov
*Counsel for Defendant*

SO ORDERED:

_____
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

4-7-08